

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-80,713-02

**EX PARTE GEORGE ROBERT POWELL, III, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. FR 63436-B IN THE 27TH DISTRICT COURT
## FROM BELL COUNTY

*Per curiam.* NEWELL, J., not participating.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to twenty-eight years' imprisonment. The Third Court of Appeals affirmed his conviction. *Powell v. State*, No. 03-09-00730-CR (Tex. App. — Austin 2011) (not designated for publication).

Applicant contends that he has newly-available evidence of actual innocence, that his conviction was obtained through the use of perjured testimony and false evidence, that he received ineffective assistance of trial counsel, and that he was denied due process by the State's failure to

disclose favorable and impeachment evidence to the defense. The trial court conducted extensive habeas hearings in this matter, but did not enter findings of fact and conclusions of law before the habeas record was forwarded to this Court on July 2, 2018.

On July 24, 2018, Applicant filed a "Motion to Supplement Writ Record" in this Court, in which he alleges that various memoranda, proposed findings of fact, and other motions were not included in the habeas record, although they had allegedly been filed in the district court before the habeas record was forwarded to this Court.

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order the Bell County District Clerk to immediately forward any documents that were not included in the habeas record that was previously forwarded to this Court, whether they were filed before or after that habeas record was sent to this Court. .

The trial court shall make findings of fact and conclusions of law addressing the merits of Applicant's habeas claims, including whether Applicant has presented newly-discovered or newly-available evidence of actual innocence, whether his conviction was obtained by the use of false evidence or perjured testimony, whether the State failed to disclose material impeachment evidence to the defense, whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The

issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: October 10, 2018
Do not publish